# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

UNITED STATES OF AMERICA                                                                      PLAINTIFF

v.                                          No. 4:05CR00159 JLH

DANNY LOCKETT                                                                                 DEFENDANT

## ORDER

This case is on remand from the United States Court of Appeals for the Eighth Circuit, which vacated this Court's previous order denying Danny Lockett's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Lockett's § 2255 petition asserts that he was denied ineffective assistance of counsel because, Lockett alleges, his attorney, Donald E. Warren, Sr., failed to inform him of an offer from the government on August 17, 2005, that would have resulted in a sentence of 84 months. That offer either expired by its own terms or was withdrawn. Later, the government made another offer, which Lockett accepted, resulting in a term of incarceration of 97 months. That term has now been reduced to 90 months pursuant to the retroactive application of the crack cocaine sentencing guidelines. Lockett says that if Warren had informed him of the earlier offer, he would have accepted it, and he would then have been sentenced to a term of 84 months instead of 97 months.

The Court conducted an evidentiary hearing on Lockett's petition. Lockett testified at the hearing that he did not learn of the August 17 offer until after his case had been concluded and Warren had sent him his file, which contained an August 17, 2005, letter from Assistant United States Attorney John Ray White to Warren making the offer that would have resulted in a term of imprisonment of 84 months. Warren testified that he did communicate that offer in a timely fashion. The Court found that the evidence was equally divided and therefore ruled that Lockett had not met

his burden of proof. On appeal, the Eighth Circuit held that the Court had failed to make a finding of fact and therefore had committed a procedural error.

Now, the Court has again reviewed Lockett's petition, the response from the government, and the transcript of the evidentiary hearing.

Warren testified that Lockett was a family friend and that he took a particular interest in Lockett's case. He testified that he communicated the August 17 offer to Lockett in a timely fashion, but that Lockett's intervening arrest and subsequent failure to comply with the conditions of release resulted in the offer being withdrawn and the second offer being extended. Because both Lockett and Warren testified with some conviction and credibility, and because both appeared to be truth-telling persons, the factual question resolves into whose memory is most likely to be accurate. For the reasons that will be explained, the Court has concluded that Warren's memory is more likely to be accurate than is Lockett's.

The record shows that on August 12, 2005, the United States filed a petition for revocation of pretrial release. That petition stated that on July 9, 2005, Lockett was stopped by an officer of the Pine Bluff, Arkansas, police department for speeding. The officer detected the smell of alcohol on Lockett and observed an open alcoholic beverage in plain view. A small bag of what appeared to be marijuana was found in his possession, as well as a pill bottle containing 15 rocks of what appeared to be crack cocaine. Lockett admitted ownership of the crack cocaine and admitted to selling crack cocaine. Lockett was arrested on that same day. Lockett testified at the evidentiary hearing in this case that he made bond on July 12, 2005, and was on the streets from July 12, 2005, until September 26, 2005, when his pretrial release was revoked. On September 19, 2005, the Court sent a notice of hearing on the motion to revoke the pretrial release, setting a hearing for September 26, 2005. On September 26, 2005, an amended petition for revocation of pretrial release

was filed. The amended petition added that Lockett had admitted on August 10, 2005, to consuming one-half pint of gin on August 9, 2005; and, on August 16, 2005, Lockett was administered a blood alcohol test and registered .037. He admitted on that date to having consumed a fifth of gin on August 15, 2005. Thus, there is ample reason to believe that during the time in question Lockett's judgment and memory were frequently impaired. The order setting his conditions of release, which was entered on June 21, 2005, had directed that he refrain from any use of alcohol. Less than three weeks later, on July 9, 2005, Lockett was drinking while driving an automobile; he was in possession of marijuana; and he was in possession of crack cocaine, which he intended to distribute. Charges were filed against him in state court. He posted bail and was released. While he was out on bond with charges pending in both state and federal court, he continued to abuse alcohol. Indeed, he admitted that he consumed a fifth of gin on August 15, 2005, and the next day after doing so he still registered .037 on a blood alcohol. The minute entry for the proceedings held before the magistrate judge on September 26, 2005, shows that Lockett agreed that the charges in the petition and the amended petition were accurate but did not agree to be detained. No rational person could think that a defendant charged with distributing crack cocaine, as Lockett was in this case, and who was ordered to refrain from any use of alcohol, could admit that he had consumed alcohol while driving a vehicle, that he had possessed marijuana, that he had possessed crack cocaine with intent to distribute, and that he had continued to abuse alcohol even after that incident, but still contend that he could remain free on pretrial release. Nevertheless, the minute entry for the proceedings for that date indicate that Lockett admitted all of these facts while objecting to being detained.

The sum is that during the relevant period of time, Lockett's memory and judgment very likely were impaired on a recurring basis. The fact that he does not remember Warren informing him of the offer of August 17, 2005, is very little evidence that Warren did not do so in view of the

likelihood that his memory was impaired. Furthermore, while Lockett testified, quite sincerely, that he would have been foolish to turn down an offer for 84 months while later accepting an offer for 97 months, the record shows that he was acting foolishly during this time: his judgment was impaired.

As noted above, Lockett was detained on September 26, 2005. The government extended its second offer, which resulted in the sentence of 97 months, on October 18, 2005. The docket shows that on October 25, 2005, the Court issued a notice of a change of plea hearing set for November 2, 2005. Thus, it is apparent that this offer was communicated promptly and accepted promptly. It is noteworthy that Lockett had been incarcerated for three weeks when the second offer was extended, so he had had time to sober up and to begin to think clearly. He did, then, accept the second offer.

For these reasons, the Court decides the issues of credibility in favor of Warren's testimony and against Lockett's testimony. The Court finds that Warren did, in fact, communicate the August 17, 2005, offer to Lockett in a timely fashion.

Lockett's § 2255 petition is premised on the factual statement that Warren did not communicate the August 17 offer to him in a timely fashion, but the Court has found that Warren did communicate that offer to him in a timely fashion. Lockett has offered no other basis for awarding relief pursuant to § 2255. Therefore, his petition is denied. Document #31.

IT IS SO ORDERED this 28th day of January, 2009.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE